# Possible Bases of Jurisdiction for the Department of Justice to Investigate Matters Relating to the Assassination of Martin Luther King, Jr.

The Department of Justice may conduct an investigation relating to the assassination of Martin Luther King, Jr., to investigate the commission of federal crimes for which the applicable statute of limitations has run, in order to establish the facts of the crime, independent of whether such facts may lead to a prosecution.

The Department also has authority, under 28 U.S.C. § 533(3), to investigate the role of the Department or the Federal Bureau of Investigation in the original investigation of the King assassination. Such an investigation under § 533(3) could include a re-investigation of the facts surrounding the assassination itself in order to assess the conduct of the Bureau's original investigation and determine the accuracy and completeness of its findings.

April 20, 1998

MEMORANDUM OPINION FOR THE PRINCIPAL ASSOCIATE
DEPUTY ATTORNEY GENERAL

In connection with the Attorney General's consideration of a request from Coretta Scott King that the President or the Attorney General establish a commission to examine matters relating to the assassination of Martin Luther King, Jr., you have asked us whether there is legal authority for the Department of Justice to conduct an investigation relating to the assassination of Dr. King and the conviction of James Earl Ray for that murder.

First, we conclude that in addition to investigating federal crimes that may be currently prosecuted, the Department of Justice may also investigate the commission of federal crimes for which the applicable statute of limitations has run, in order to establish the facts of the crime, independent of whether such facts may lead to a prosecution. Second, we also conclude that the Department's authority to investigate official matters under the control of the Department, 28 U.S.C. § 533(3), provides an additional and independent basis for investigating the role of the Department or the Federal Bureau of Investigation in the original investigation of the King assassination. Such an investigation under § 533(3) could include a re-investigation of the facts surrounding the assassination itself in order to assess the conduct of the Bureau's original investigation and determine the accuracy and completeness of its findings.

## I. Detection of Federal Crimes

The Attorney General is authorized to appoint officials to "detect and prosecute crimes against the United States." 28 U.S.C. § 533(1). Thus, as a preliminary matter, it is fundamental that the Attorney General may conduct an investigation

61

to "detect and prosecute" any federal crimes that may have been committed in connection with the King assassination. *See generally;* Memorandum for the Director of the Federal Bureau of Investigation, from Mary C. Lawton, Deputy Assistant Attorney General, Office of Legal Counsel, *Re: FBI Cooperation with Local Authorities;* at 1 (Nov. 9, 1977) (so long as there is a "legitimate basis for the view that the investigation of the underlying conduct may unearth violations of federal law, we believe the FBI is authorized to proceed with the investigation"). In this regard, we understand that the Criminal and Civil Rights Divisions are reviewing the relevant facts to determine whether there are grounds on which to conclude that a federal crime may have been committed in connection with the King assassination and whether such a crime may be currently prosecuted.

Even in circumstances where the applicable statute of limitations may have run and federal criminal violators may not be prosecuted, however, this Office has previously concluded that § 533(1) also provides authority to conduct an investigation the only purpose of which is to "detect" the commission of a federal crime. Memorandum for Jack W. Fuller, Special Assistant to the Attorney General, from Antonin Scalia, Assistant Attorney General, Office of Legal Counsel, *Re: Jurisdiction of the Department of Justice to Investigate the Assassination of President Kennedy* at 5 (July 28, 1976) ("Kennedy Assassination Opinion"). The Office of Legal Counsel reviewed this issue in similar circumstances when the Department of Justice was considering in 1976 whether it had authority to re-investigate the 1963 assassination of President Kennedy, notwithstanding the strong possibility that the statute of limitations might have run on any applicable federal crime. *See generally id.* There, this Office concluded that "[n]othing in the language" of § 533(1) precludes the Department from seeking to "'detect' crime when it cannot 'prosecute' the violators." *Id.* at 5.

The mere fact that the statute of limitations may have run does not "erase the crime itself." *Id.* Thus, in the Kennedy Assassination Opinion, Assistant Attorney General Scalia concluded that a criminal statute of limitations sets the outer limit of when it may be fair or reasonable to try a defendant for a particular crime; it does not mark the expiration of the federal interest in detecting and establishing the facts of such a crime.[1] Kennedy Assassination Opinion at 5 (*citing United States v. Marion*, 404 U.S. 307, 322 (1971)); *Toussie v. United States*, 397 U.S. 112, 114–15 (1970); *see also United States v. MacDonald*, 456 U.S. 1, 8 (1982); *United States v. Podde*, 105 F.3d 813, 820 (2d Cir. 1997); *United States v. Starrett*, 55 F.3d 1525, 1544 (11th Cir. 1995). Indeed, there may be "vital public interests"

---

[1] The Kennedy Assassination Opinion observed

> The central purpose of the [statute of limitations] is therefore served when prosecution is prevented To be sure, the reputations of persons who may have been involved in the assassination attempt could be injured if the detailed results of the investigation were made public But that is an interest protected by the general administrative policy of investigative secrecy, and not by the statute of limitations, and it might in some circumstances be outweighed by the public interest in the investigation, at least where the only reason for failure to bring a prosecution is the time bar

*Id.* at 5

served by establishing the facts surrounding the commission of a federal crime irrespective of whether the crime can be prosecuted. Kennedy Assassination Opinion at 5.

Thus, this Office found that the proposed departmental re-investigation of the Kennedy assassination might properly "serve to set to rest serious public misgivings . . . and possible distortion" regarding the manner or conclusions of the original investigation. *Id.* The Opinion also observed that the proposed re-investigation of the Kennedy assassination could be justified on the basis that it might "assist the Department in preventing such crimes in the future." *Id.*

The interests recognized in the Kennedy Assassination Opinion appear to apply with equal force to a possible federal re-investigation of the King assassination.[2] Accordingly, assuming that there are grounds on which to believe that a re-investigation of the King assassination might reveal a violation of federal law, the Kennedy Assassination Opinion provides precedent for initiating a re-investigation notwithstanding the fact that the applicable statute of limitations might have run.

## II. Investigating "Official Matters" Within the Control of the Department of Justice

A second and independent basis of authority for conducting the investigation in question may be found in 28 U.S.C. § 533(3), which authorizes the Attorney General "to conduct such other investigations regarding official matters under the control of the Department of Justice and the Department of State as may be directed by the Attorney General." This authority was also applied in the Kennedy Assassination Opinion.

Here, the Bureau's investigation at the time of the King assassination constitutes an "official matter under the control of the Department," and therefore is itself a basis for a current investigation. *See* Kennedy Assassination Opinion at 7 (Bureau's initial investigation of JFK assassination fell within scope of § 533(3) and provided basis for re-investigation). As was the case when this Office reviewed this issue in connection with a re-investigation of the assassination of President Kennedy, "a new investigation of the assassination could be justified on the ground that it is necessary, in light of subsequent public allegations, to review and evaluate the FBI's performance" in the investigation. *Id.*

The public allegations giving rise to the request for a re-examination of the facts surrounding the assassination of Dr. King similarly relate to the conduct of the Bureau in that investigation and whether the Bureau may possess relevant evidence bearing on the assassination that has not yet been disclosed. *See, e.g., Some Cases Never Close*, L.A. Times, Apr. 4, 1998, at B7 (editorial questioning

---

[2] We reiterate here the observation of Assistant Attorney General Scalia that we do not mean to suggest that these interests require an investigation. In our view these interests provide authority for such an investigation if the Attorney General determines that such an investigation is appropriate. *See* Kennedy Assassination Opinion at 5.

whether the FBI may possess additional information concerning a plot to assassinate Dr. King). Without necessarily giving credence to these allegations, the Attorney General might nonetheless wish to authorize an investigation to review and address them. If the Attorney General elects to do so, § 533(3) provides her with the relevant authority.

Beth Nolan
*Deputy Assistant Attorney General*
*Office of Legal Counsel*